UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO. 4:19-CV-124-JHM

KENTUCKY WESLEYAN COLLEGE                                                                 PLAINTIFF

v.                                                        **COMPLAINT**

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA                                                                         DEFENDANT

Serve:         Corporation Service Company
               421 West Main Street
               Frankfort, KY 40601

The Plaintiff, Kentucky Wesleyan College ("KWC"), by counsel, and for its Complaint against the Defendant, Travelers Property Casualty Company of America ("Travelers"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. The Plaintiff, KWC, is, and was at all time mentioned herein, a Kentucky corporation with its principal place of business located at 3000 Frederica Street, Owensboro, Kentucky, Daviess County, Kentucky 42301.

2. The Defendant, Travelers, is, and was at all times mentioned herein, a foreign corporation with its principal place of business located at One Tower Square, Hartford, Connecticut 06183. Travelers can be served through its registered agent for service of process, Corporation Service Company, located at 421 West Main Street, Frankfort, Kentucky 40601.

3. This is a civil action for a breach of contract and bad faith. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interests and costs, and the parties are citizens of different and foreign states.

4. Pursuant to 28 § U.S.C. 1391, venue is appropriate before this Court as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

5. On or around June 8, 2018, Travelers issued to KWC a commercial insurance policy, with the policy period beginning on June 1, 2018 and lasting until June 1, 2019.

6. As part of this policy, Travelers agreed to provide coverage for water damage to the property listed therein, including, but not limited to, the residence hall known as Peeples Hall.

7. In particular, in the event of damage caused by or resulting from water, Travelers agreed to pay the necessary cost of tearing out and replacing any part of a covered building or structure, such as Peeples Hall, to repair damage to the system or appliance from which the water escapes.

8. On or around July 17, 2018, a branch line pipe from a chill water system in Peeples Hall ruptured and caused significant water damage to the first and second floors of the building. Peeples Hall was not livable following this incident.

9. KWC immediately notified Travelers regarding the ruptured pipe and requested that Travelers inspect the scene and assess the damage to the piping system.

10. Without having ever gone to Peeples Hall and observed the piping system, Travelers responded to KWC's request stating that KWC's policy would cover the ensuing water damage but not repair to the pipe itself since the failure was caused by the old age of the piping system.

11. On or around July 31, 2018, KWC sent an email to Travelers requesting an explanation for its position that coverage did not apply to the piping system. Travelers then

backpedaled stating it was unable to provide a coverage position for the piping system until it completed an investigation.

12. Prior to investigating the piping system, Travelers then began disputing that it was required to replace the entire piping system because, at most, the ruptured pipe could be repaired. KWC continually explained to Travelers that it was not feasible to merely repair the ruptured pipe. At the request of Travelers, KWC provided affidavits from multiple contractors attesting that it was necessary to replace the entire piping system or it would be at risk of rupturing again and causing further damage.

13. In particular, the contractors attested that there was no way to repair the ruptured pipe and tie it back into the existing piping system due to the condition of the piping. In order to so, the contractors determined that the insulation from the existing pipes would have to be removed, and that would have damaged the pipes. More importantly, the repair would have been temporary at best without a full replacement. According to the contractors, by repairing the ruptured pipe as Travelers suggested, the entire piping system would be a risk of further leakage and it would result in similar occurrences with significant damage and pose a risk to KWC students and employees.

14. The affidavits provided to Travelers, at their own request, were blatantly ignored.

15. On or around August 9, 2018, Travelers' expert met at Peeples Hall to inspect the scene and observe piping system. At that time, the subject pipe was not visible due to it being between the first and second floors of the building, which meant that an HVAC unit would have to be removed in order to see it.

16. Despite the fact Travelers had still not observed the ruptured pipe, Travelers again claimed that it was only required to repair the ruptured pipe but it was not required to replace the entire piping system.

17. On or around August 31, 2018, after the ruptured pipe had been extracted, Travelers' expert observed the ruptured for the first time.

18. On or around September 24, 2018, over two months after first being placed on notice, Travelers provided KWC with its coverage position.

19. Travelers concluded that KWC's policy "provides coverage for the pipe failure." However, Travelers opined that the "repair to the ruptured piping could have been completed at an estimated maximum cost of $27,635.50."

20. Travelers denied payment for replacing the entire piping system because its lone expert determined that the "existing system could have been repaired" as opposed to being replaced entirely, which, inexplicably, is the same position taken by Travelers before it ever observed the piping system.

21. By denying payment, Travelers forced KWC to exercise the only option available to it, which was to replace the entire piping system consistent with the recommendations of the two contractors at the cost of $427,313.00.

22. Travelers paid to KWC the amount of $27,635 leaving a balance in the amount of $399,678.00, which Travelers is required to pay.

23. Travelers refusal to in good faith pay for the replacement of the entire piping system is in violation of the provisions of the unfair claims settlement practices act and regulations, and is inconsistent with the plain language of KWC's policy and Travelers has therefore materially breached its duties set forth therein.

## COUNT I – BREACH OF CONTRACT

24. KWC incorporates the allegations of paragraphs 1-23 above as if fully set forth herein.

25. The contract between KWC and Travelers is a valid and enforceable contract for insurance.

26. Travelers breached the contract by failing to pay KWC for the repairs/replacement of the entire piping system at Peeples Hall.

27. As a direct and proximate result of Travelers' material breach of the insurance contract, KWC has suffered injuries and damages in the amount of $399,678.00.

## COUNT II – BAD FAITH

28. KWC incorporates the allegations of paragraphs 1-27 above as if fully set forth herein.

29. At the time the pipe ruptured, and ensuing water damage occurred, KWC was insured by Travelers through a commercial insurance policy. With respect to KWC's property damage claim under said policy, Travelers has acted in bad faith and in violation of the provisions of the unfair claims settlement practices act and regulations.

30. As a result of the bad faith of Travelers, KWC has incurred substantial costs and damages in the amount of $2,000,000.00.

WHEREFORE, the Plaintiff, Kentucky Wesleyan College, respectfully requests that this Court enter a judgment in its favor and against Travelers Property Casualty Company of America, and grant the following relief:

a. Judgement in favor of KWC for the total amount of costs necessary to repair/replace subject piping system, and all other costs and expenses KWC has incurred, including reasonable attorney fees, and damages for bad faith;

b. For punitive damages;

c. For pre-judgment and post-judgment interest;

d. A jury trial; and

e. All further relief to which KWC may be entitled.

ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
P.O. Box 770
1101 College Street
Bowling Green, KY  42102-0770
(270) 781-6500
byoung@elpolaw.com

 /s/Robert A. Young
ROBERT A. YOUNG
JOHN A. SOWELL
*Counsel for Kentucky Wesleyan College*